IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY ANN ROSS, | : | |
| Plaintiff, | : | Case No. 2:17-cv-169 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| COMMISSIONER OF SOCIAL SECURITY, | : | Magistrate Judge Vascura |
| Defendant. | : | |

**OPINION & ORDER**

This matter comes before the Court for consideration of Plaintiff Kathy Ann Ross's Objection to the Magistrate Judge's January 29, 2018 **Report and Recommendation** (ECF No. 20), which recommends that this Court overrule Ms. Ross's Statement of Specific Errors (ECF No. 11) and affirm the Commissioner of Social Security's decision. Upon independent review by this Court, and for the reasons set forth below, Ms. Ross's Objection is hereby **OVERRULED**. The Court **ACCEPTS** and **AFFIRMS** the Magistrate Judge's **Report and Recommendation**.

**I. BACKGROUND**

Ms. Ross applied for Title II Social Security Benefits in December of 2013, asserting that she has been disabled since January 29, 2013 as a result of fibromyalgia, arthritis, nerve damage in her thoracic area, degenerative spine disease, and bulging discs. After initial administrative denials, a hearing was held before an Administrative Law Judge ("ALJ") on January 12, 2016. On February 5, 2016, the ALJ issued a decision finding that Ms. Ross was not disabled within the meaning of the Social Security Act.

1

In his opinion denying benefits, the ALJ conducted the required five-step sequential analysis for a disabilities benefits claim. *See* 20 C.F.R. § 416.920(a)(4).[1]  At step one, the ALJ determined that Ms. Ross has not engaged in substantially gainful activity since June 29, 2013, her alleged onset date. (ECF No. 10 at PageID 91).

At step two, the ALJ found that Ms. Ross had the severe impairments of fibromyalgia, left intercostal neuralgia, degenerative joint disease of the left shoulder, and degenerative disc disease of the cervical, thoracic, and lumbar spine. (*Id.*).  The ALJ also concluded that Ms. Ross's right mid-lung nodule and carpal tunnel syndrome did not constitute a severe impairment. (*Id.* at PageID 92).

---

[1] The five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any.  If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s).  If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s).  If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work.  If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work.  If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 416.920(a)(4).

At step three, the ALJ further found that these impairments, whether taken alone or in combination, did not meet or medically equal one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*).

At step four, the ALJ found that Ms. Ross has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b), subject to the following limitations: Ms. Ross can frequently stoop, kneel, crouch and crawl, but she is precluded from climbing ladders, ropes, and scaffolds. (*Id.*). The ALJ further found that in light of the RFC, Ms. Ross was able to perform her past relevant work as a basket assembler. (*Id.* at PageID 97).

The ALJ also found, in the alternative, that Ms. Ross can perform jobs that exist in significant numbers in the national economy. (*Id.* at PageID 98). Thus, the ALJ concluded that Ms. Ross was not disabled. (*Id.* at PageID 99).

The Appeals Council denied Ms. Ross's request for review of the ALJ's determination, thus rendering the ALJ's benefits-denial decision the Commissioner's final agency action. Ms. Ross then filed suit in federal court, alleging in her Statement of Errors that the ALJ incorrectly evaluated Ms. Ross's subjective complaints, erred by finding she can do light work given her use of a cane, and failed to accord for recent evidence indicating that her conditions worsened. (ECF No. 11). On January 29, 2018, the Magistrate Judge recommended that this Court overrule Ms. Ross's Statement of Errors and affirm the Commissioner's denial of benefits. (ECF No. 20). Ms. Ross timely objected. (ECF No. 21).

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b).

This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence is "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)); *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (substantial evidence is "more than a scintilla of evidence but less than a preponderance") (quotations omitted). If "substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported the opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quotation omitted).

### III. ANALYSIS

Ms. Ross objects to the Magistrate Judge's Report and Recommendation on three grounds. First, Ms. Ross argues that the ALJ failed to properly evaluate Ms. Ross's testimony regarding her pain. (ECF No. 21 at 2). Second, Ms. Ross argues that the ALJ erred in finding that an individual who relies upon a cane could engage in light exertion work. (*Id.* at 3-4). Finally, Ms. Ross argues that the RFC was not supported by substantial evidence. (*Id.* at 4-5). Ms. Ross requests that the Court reverse the Commissioner's denial of her benefits claim because of these alleged errors.

### A. The ALJ Properly Evaluated and Weighed Ms. Ross's Testimony.

Ms. Ross contends that the ALJ did not properly evaluate her testimony regarding her pain. In evaluating subjective complaints of disabling pain, the Court must determine if there is objective evidence of the underlying condition and then examine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). The Sixth Circuit has stated that "credibility determinations with respect to subjective complaints of pain rest with the ALJ." *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009) (quotations omitted). The ALJ can discount credibility when there are contradictions among the medical reports, claimant's testimony, and other evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

Here, the ALJ properly evaluated and discounted Ms. Ross's allegations of extreme and disabling pain. The ALJ found a "general lack of objective evidence to support her subjective complaints" and concluded she was not fully credible. (ECF No. 10 at PageID 96). A review of the record supports his conclusion. For example, Ms. Ross indicated that she "winced in pain with even light touch over her left lower rib cage" but a bone scan taken a few days later showed no abnormal rib uptake. (*Id.* at PageID 94 (citing PageID 255-56, 278, 297-302)). The ALJ also considered that Ms. Ross's treating sources' observations often conflict with her complaints of pain. For example, at an appointment with Dr. Luft on November 12, 2013, Ms. Ross reported that she felt like one of her ribs was going to come out and she also had pain in her left arm, shoulder, and back, but Dr. Luft noted that she appeared in no distress, and that she reported one of her medications helped with her shoulder pain. (*Id.* (citing PageID 258-259)). Further,

despite her disabling allegations of pain, Ms. Ross often rated her pain at a level 3 or 4. (*See, e.g.*, *id*. at PageID 367 (rating pain at 3 out of 10)).

In sum, this Court agrees with the Magistrate Judge that there was ample evidence in the record supporting the ALJ's decision to find Ms. Ross's allegations of pain not entirely credible. Thus, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation on this point and affirms the Commissioner's finding.

### B. The ALJ Did Not Err In Finding Ms. Ross Could Engage in Light Exertion Work, Despite Her Prescription for a Cane.

Ms. Ross next argues that Dr. Luft's prescription for a quad cane compels the conclusion that Ms. Ross cannot engage in light exertion work. If a "cane [is] not a necessary device for claimant's use, it cannot be considered an exertional limitation that reduced her ability to work." *Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002). For a cane to be medically necessary, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (*i.e.,* whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." *Bowen v. Berryhill*, No. 3:17-CV-17, 2018 WL 1229735, at *2 (S.D. Ohio Mar. 7, 2018) (citing SSR 96-9P, 1996 WL 374185).

Here, the ALJ found that Ms. Ross's cane was not medically necessary, noting that no treating physician ever stated that it was medically necessary for her to use a cane. (ECF No. 10 at PageID 96). The ALJ noted that there were no exam findings associated with Dr. Luft's prescription for the cane, and an examination *after* she was prescribed the cane found her gait was normal and she did not use an assistive device. (*Id.* at PageID 95 (citing PageID 368 ("Patient ambulates without a device. Gait of the patient is normal.")). Thus, this Court finds

that substantial evidence supports the ALJ's determination that the cane was not medically necessary and thus need not be considered in the RFC. *See Bowen*, 2018 WL 1229735, at *3 (finding that the ALJ's decision not to include a cane in the RFC was supported by substantial evidence). Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation on this point and affirms the Commissioner's decision.

### C. The RFC Is Supported By Substantial Evidence.

Finally, Ms. Ross argues that the RFC was not supported by substantial evidence because the ALJ improperly disregarded record evidence submitted after the State Agency consultant, Dr. Freihofner—to whom the ALJ gave "great and determinative weight"—submitted his opinion. Ms. Ross contends the 200 plus pages of new information shows that Ms. Ross's condition worsened, and since it was filed after Dr. Freihofner's opinion, the ALJ's reliance on his opinion in formulating the RFC was error. The Magistrate Judge found that the ALJ's determination that the new information would not alter the State Agency's findings was supported by substantial evidence. This Court agrees.

The new information Ms. Ross relies on was properly considered. Part of the new record evidence Ms. Ross contends was not properly considered is her March 2015 MRIs. (ECF No. 11 at 12). But the ALJ points to evidence that occurred after March of 2015 in support of his RFC finding. For example, during a May 2015 appointment, Ms. Ross complained only about pain in her left rib cage at a level of 4 out of 10. (ECF No. 10 at PageID 387). Additionally, in July of 2015, Ms. Ross reported that the epidural steroids injunctions she received (which she points to as part of the new evidence) improved her pain by 50% in her shoulders and 30% in her neck. (*Id.* at PageID 96, 402). Thus, the ALJ's reliance on Dr. Freihofner's opinion and rejection of the evidence filed after his opinion was submitted is supported by substantial evidence.

7

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation on this point and affirms the Commissioner's decision

## IV.  CONCLUSION

For these reasons, the Court **ACCEPTS** and **AFFIRMS** the Magistrate Judge's **Report and Recommendation** (ECF No. 20), thereby **OVERRULING** Ms. Ross's objection (ECF No. 21).  The Commissioner's denial of benefits is **AFFIRMED**.  This case is hereby **DISMISSED**.

    **IT IS SO ORDERED.**

                                                                   **/s/ Algenon L. Marbley**
                                                           **ALGENON L. MARBLEY**
                                                           **UNITED STATES DISTRICT JUDGE**

**DATED:  March 21, 2018**